

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY AARON JOHN; TRAVIS RAY JOHN; TIFFANY LYNNAE JOHN; TYRONE FRED JOHN; JESSIE WADE PALMER; LESLIE L. PALMER; SHIRLEY L. PALMER; JALEEN M. FLOWERS, AKA Jalene Palmer Flowers, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SECRETARY OF THE INTERIOR, through its Acting Assisting Secretary Bureau of Indian Affairs, <br><br> Defendant-Appellee. | No. 18-17245 <br><br> D.C. No. 3:14-cv-00247-LRH-VPC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted June 8, 2020[**]
San Francisco, California

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER and BRESS, Circuit Judges, and McSHANE,[***] District Judge.

Appellants Timothy John et al. appeal the district court's decision granting summary judgment to the Secretary of the Interior. Appellants argue that the Secretary's decision to exclude them from the Western Shoshone Judgment Roll was arbitrary, capricious, and unlawful. We have jurisdiction under 28 U.S.C. § 1331, and we affirm.

Appellants filed their initial applications to be included on the Western Shoshone Judgment Roll in 2010. The Bureau of Indian Affairs Regional Office denied their request. The Regional Office found that because Appellants' great-great grandmother Hattie Dyer was not 4/4 Shoshone, all eight Appellants lacked the requisite blood quantum level to be included on the roll. The Acting Assistant Secretary of Indian Affairs—on behalf of the Secretary of the Interior—upheld the Regional Office's determination. Appellants then filed this lawsuit, claiming that the decision was arbitrary and capricious, and unsupported by substantial evidence. Appellants concede that if Hattie Dyer was anything less than 4/4 Shoshone, they are ineligible for inclusion on the Judgment Roll.

---

[***] The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

Appellants argue that because the traditional census rolls typically relied upon by the Secretary show that Hattie Dyer was 4/4 Shoshone, the Secretary arbitrarily and capriciously determined that she was one-half Paiute when he relied on other evidence in the decision. The regulations here, however, permit the Secretary to consider "other documents acceptable to the Secretary" in evaluating whether an individual is eligible for inclusion on the Western Shoshone Judgment Roll. *See* 25 C.F.R. § 61.4(k)(2). The Secretary relied upon the evidence from the 1977 Northern Paiute Judgment Roll appeal filed by Hattie's daughter, as well as the Administrative Law Judge's letter from Hattie Dyer's probate hearing, when the Secretary determined that Appellants are ineligible for benefits from the Roll. These materials both indicate that Hattie Dyer was not full-blooded Shoshone, and provide substantial evidence supporting the Secretary's determination that Hattie Dyer was at least one-half Paiute. Because the Secretary permissibly concluded that Hattie Dyer was not 4/4 Shoshone, his decision to exclude Appellants from the Western Shoshone Judgment Roll was lawful.

Appellants additionally argue that the Secretary's reliance on the 1977 Northern Paiute Judgment Roll appeal violates their due process rights because they were unable to present evidence at that proceeding. Yet the record here shows that the Secretary weighed the evidence supporting that prior determination, along

3

with all other evidence of Hattie Dyer's blood quantum in this proceeding. Appellants also were not deprived of any property interest during the 1977 Northern Paiute Judgment Roll appeal which took place before they were born. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) (explaining that the first inquiry is whether there has been a deprivation of property). Thus, there was no due process violation.

    **AFFIRMED.**